KYLE LUMBER CO. v. BUSH et al.

(Circuit Court of Appeals, Fifth Circuit. January 3, 1905.)

No. 1,413.

1. BANKRUPTCY—PROCEEDINGS—TRANSFER—JURISDICTION—REVIEW.

Bankruptcy proceedings having been instituted against a corporation in Alabama, New Jersey, and Tennessee, and the proceedings pending in New Jersey having been removed and consolidated with the proceedings in Tennessee, an application to remove the proceedings pending in Alabama to Tennessee was also granted. Held, that the court sitting in

Alabama having jurisdiction to direct such removal in case it found that the Tennessee court had jurisdiction, as authorized by Bankr. Act July 1, 1898, c. 541, § 32, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434], an erroneous finding on such issue was reviewable only by appeal from the removal order, and not on a petition to review an order denying an application to the Alabama court to revoke such order and reassume jurisdiction of the cause.

In Error to the District Court of the United States for the Northern District of Alabama.

The record in this case shows certain proceedings leading up to the matter now before this court for review. On the 17th day of July, 1903, at 2:35 p. m., Robert S. Armstrong & Bro. and others filed in the District Court of the United States for the Southern Division of the Northern District of Alabama a petition in involuntary bankruptcy against the Southern Car & Foundry Company. On the same day, at 4:45 p. m., the Ross-Meehan Foundry Company, a corporation, and other creditors, filed a petition in involuntary bankruptcy against the Southern Car & Foundry Company in the United States District Court for the Eastern District of Tennessee. In addition to this, a petition in involuntary bankruptcy was filed against the Southern Car & Foundry Company in the United States District Court for the District of New Jersey, and the company was there, on July 23, 1903, adjudged a bankrupt. On July 23, 1903, Thomas A. Gillespie and Thomas G. Bush were by the District Court of Alabama appointed receivers of the property of the Southern Car & Foundry Company, and took possession of its property in Alabama. On the same day the petitioning creditors in the Tennessee case filed a petition in the District Court in Alabama setting up the fact of the filing of the petition in Tennessee, and the appointment of a receiver, who had taken possession of the property of the Southern Car & Foundry Company in Tennessee, and praying, in the alternative, that their petition be treated either as original or as ancillary. On September 5, 1903, the Pennsylvania Malleable Company filed its petition in the District Court for the Southern Division of the Northern District of Alabama, representing that it was a creditor of the Southern Car & Foundry Company having a provable claim against said company exceeding $20,000, and representing to the court that, in addition to the proceedings pending in that court, proceedings were also pending in the Eastern District of Tennessee, and further representing that on August 31, 1903, the District Court for the Northern District of New Jersey had made an order transferring the bankruptcy proceedings in that court, including the adjudication made therein, to the District Court of the United States for the Eastern District of Tennessee, and had directed that the record be certified accordingly, as provided by the acts of Congress in bankruptcy. This latter petition, asking a removal of the Alabama proceeding in bankruptcy to Tennessee, came on to be heard before Hon. Thomas G. Jones, United States Judge for the Northern District of Alabama, on September 7, 1903, whereupon the following order was entered:

"This matter coming on to be heard on petition of the Pennsylvania Malleable Company, filed September 2, 1903, praying an order transferring the bankruptcy proceedings pending in this court against the Southern Car & Foundry Company, and it appearing to the court that the District Court for the Eastern District of Tennessee can proceed with the bankruptcy proceedings against said Southern Car & Foundry Company for the greatest convenience of all the parties in interest, it is ordered, adjudged, and decreed that the proceedings in involuntary bankruptcy pending in the Eastern Division and in the Southern Division of the District Court for the Northern District of Alabama, and all matters pending therein, be, and the same are hereby, transferred to the District Court of the United States for the Eastern District of Tennessee, and that this court does relinquish jurisdiction of said proceedings, and of all matters pending therein, to said District Court of the United States for the Eastern District of Tennessee."

The remainder of the order is relative to costs and certain interventions not material here.

133 F.—44

On April 30, 1904, the Kyle Lumber Company filed its petition in the United States District Court for the Northern District of Alabama, Southern Division, setting up the fact that the Southern Car & Foundry Company was indebted to it in the sum of $12,000 or more; that the same was due, and that the petitioner had instituted suit in the city court of Gadsden, Ala., against the Southern Car & Foundry Company for the recovery of said claim, and said suit was, upon the petition of defendant, duly removed to the Circuit Court of the United States at Anniston, and that the said suit was then pending and undetermined in said Circuit Court; and that petitioner had not filed or proved its claim in any court in bankruptcy. It then set out the different bankruptcy proceedings referred to; the order of Judge Jones in transferring the case to Tennessee; that since the order of transfer the Tennessee court had assumed the administration of the entire estate of the bankrupt, including the property located in the state of Alabama, through the receivers appointed in Alabama, and Orion L. Hurlbut, a receiver appointed by the District Court of Tennessee, and that nothing has been done in the District Court of Alabama since the making of the order of transfer; that the petitioner was on the 5th of November, 1903, by the District Court in Tennessee, restrained from prosecuting its suit in the Circuit Court at Anniston against the Southern Car & Foundry Company; and that it had taken no further action in said suit. The premises considered, the petitioner prayed that the order of transfer of the proceedings in involuntary bankruptcy in Alabama to the District Court in Tennessee be set aside and annulled, and that the Alabama court assume jurisdiction of the case.

Subsequently, in August, 1904, the Kyle Lumber Company amended its petition, in which it sets up that the Southern Car & Foundry Company is, and was at all the times herein referred to, a corporation organized and existing under the laws of the state of New Jersey, and that for the six months, or the greater portion thereof, preceding the date of the filing of each of the several petitions in bankruptcy as hereinbefore alleged, said corporation had its domicile in the state of New Jersey, and its principal place of business in the state of Alabama, and during such time had not its domicile and place of residence, or principal place of business, in the state of Tennessee; that the petitions in involuntary bankruptcy in New Jersey and Tennessee were filed after the petition in the District Court for Alabama; that no adjudication in bankruptcy had been entered in the District Court of Alabama upon the petition of Robert S. Armstrong & Bro. and others, or on any other petition; that the petitioner is advised and avers that the District Court of the United States for the Eastern District of Tennessee was and is without jurisdiction to adjudicate the Southern Car & Foundry Company a bankrupt, because petitioner avers the fact to be that said Southern Car & Foundry Company had neither its principal place of business, residence, nor domicile in the state of Tennessee for the six months, or the greater portion thereof, preceding the filing of the petition in bankruptcy; and that said order of September 9, 1903, made by the District Court in Alabama, transferring the bankruptcy proceedings to Tennessee, was void for want of jurisdiction, and ought to be set aside and vacated.

To this petition the trustees in bankruptcy, viz., Thomas G. Bush, Thos. A. Gillespie, and Orion L. Hurlbut, demurred on the following grounds, to wit:

"(1) For that in and by said petition it is shown that the proceedings had in the said several District Courts of the United States in said petition mentioned, in respect to transferring the proceedings in bankruptcy in said cause to the District Court of the United States for the Eastern District of Tennessee, were legally transferred, and that said proceedings are now pending in said District Court of Tennessee.

"(2) For that it is shown in and by said petition that this court had the power and jurisdiction to make the order of transfer in said petition mentioned, that said order had been made, and that said District Court for the Eastern District of Tennessee has taken jurisdiction of the bankruptcy proceedings in said cause.

"(3) For that the order made by this court which is sought to be vacated and set aside was not void, and that the same has been acted upon, and

that by reason thereof, and the other matters set forth in said petition, said District Court for the Eastern District of Tennessee has assumed jurisdiction of said bankruptcy proceedings, and has proceeded to administer the same.

"(4) For that said petitioner has no standing in this court to obtain the prayer of his said petition.

"(5) For that said District Court of the United States for the Eastern District of Tennessee is the proper court in which to file said petition, and is the only court having authority to grant the same.

"(6) For that the effect of the granting of said petition would be for this court to assume jurisdiction of the proceedings in bankruptcy of said cause, notwithstanding the fact that the said District Court for the Eastern District of Tennessee has assumed jurisdiction, and is now exercising the same, and that, as a matter of comity between courts, this court should not grant the relief therein prayed.

"(7) For that it is not shown in and by said petition that said petitioner has a claim which gives him any standing in this court to petition this court, as by his said petition he has prayed."

The hearing of this demurrer came on before Judge Jones on August 9, 1904, whereupon the following order was entered:

"The Kyle Lumber Company, claiming to be a creditor of said bankrupt, having heretofore filed in this court its petition seeking to have set aside and annulled a certain order heretofore made by this court transferring the bankruptcy proceedings in this court to the District Court for the Eastern District of Tennessee, and said petition having been set down for hearing, and due notice thereof given to the bankrupt and other parties in interest, and said hearing having been, at the instance of the attorneys for the trustees, continued to this day, and the parties not appearing by counsel, the court proceeds to hear the said petition, and, on motion of petitioner, leave is granted the petitioner to amend its petition, which petition is ordered filed by the clerk of this court on the 6th day of August, 1904, but the clerk has failed to indorse certain exhibits thereto 'Filed,' the judge of this court, the clerk not being present, indorses the said exhibit filed as of the date of the filing of said amendment; and to said petition as amended the trustees this day file their demurrer, and, said demurrer being argued by counsel and understood by the court, it is considered that said demurrer to said petition as amended be, and the same is hereby, sustained, and the said petitioner declines to plead over. It is further considered that said petition be, and the same is hereby, dismissed at the cost of the petitioner."

On September 24, 1904, the Kyle Lumber Company filed in this court its petition to review the order last named, sustaining the trustees' demurrer and dismissing its petition.

Wm. L. Martin and Wm. J. Boykin, for petitioner.
J. J. Willett and Jno. P. Tillman, for respondents.

Before PARDEE and SHELBY, Circuit Judges, and NEWMAN, District Judge.

NEWMAN, District Judge, after stating the case as above, delivered the opinion of the court.

We are to determine, on this petition for review, whether the judge of the District Court erred in sustaining the demurrer and dismissing the petition.

Section 2 of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420], grants to the District Courts, among other powers, the power "to transfer cases to other courts of bankruptcy." Section 32 of the bankruptcy act (30 Stat. 554 [U. S. Comp. St. 1901, p. 3434]) is as follows:

"In the event petitions are filed against the same person, or against different members of a partnership in different courts of bankruptcy each of

which had jurisdiction, the cases shall be transferred, by order of the courts relinquishing jurisdiction, to and be consolidated by one of such courts which can proceed with the same for the greatest convenience of parties in interest."

The District Court in Alabama, in the order transferring the case to Tennessee, found that the District Court of the Eastern District of Tennessee "can proceed with the bankruptcy proceeding against the Southern Car & Foundry Company for the greatest convenience of parties in interest," and thereupon transferred the case and relinquished jurisdiction to the Tennessee court. No effort was made to review this action of the District Court in Alabama transferring the case to Tennessee. The order went into effect apparently without objection, and the Tennessee court has been since that time, and is now, engaged in administering the entire estate of the bankrupt.

The question presented by this record is whether the District Court in Alabama had jurisdiction to make the order transferring the case to Tennessee, and not whether the Tennessee court had jurisdiction of the case. The original petition of the Kyle Lumber Company sets up that the order transferring the case to Tennessee was improvidently made, and is void for want of primary jurisdiction in the said District Court for the Eastern District of Tennessee. In its amended petition the same averment is made, and further that the order of transfer was and is void for want of jurisdiction, and ought to be set aside and vacated. The contention of the petitioner, as we gather it, is that the action of the District Judge in Alabama in transferring the case to Tennessee was void for want of jurisdiction, because the Tennessee court had no jurisdiction to entertain the case in bankruptcy against the Southern Car & Foundry Company.

We think the two propositions are separate and entirely distinct. The district judge in Alabama might well find and determine that the Tennessee court was a court having jurisdiction of the bankruptcy proceeding, and be in error in so determining, and yet he would have had jurisdiction to make the order. Jurisdiction to make an order is one thing, and the correctness of the order so made is an entirely different thing. By the very terms of the act, the district judge in Alabama had jurisdiction to transfer this case to the District Court in Tennessee, as another court having jurisdiction, and where it would be to the greatest convenience of the parties to have it proceed. Having jurisdiction to entertain the motion and make the order of transfer, the action of the court, even if the Tennessee court had no jurisdiction of the case, would not be void, but erroneous, and subject to review and correction on proper proceedings for that purpose.

We may assume that the judge of the District Court in Alabama, before making the order of transfer, considered the question of the jurisdiction of the Tennessee court. He could only transfer the case, by the express terms of the bankruptcy act, to another court "having jurisdiction," and a necessary part of the action transferring the case was to find that the Tennessee court had jurisdic-

tion of the bankruptcy proceeding. Where a court reaches a conclusion like this from the record presented, and makes an order based thereon, the proper method of correcting this action, if erroneous, is not by motion to vacate or annul, but by review of the order itself in a proper way in the proper appellate court.

Corporations may be created in one state, and have places for transacting business in several other states. They may have a manufacturing plant, as in this instance, in states other than that of their incorporation. In such cases it may often become necessary to determine where the principal place of business of the corporations, outside of the state of their creation, is. Such an issue, when presented to the court for determination, becomes largely a question of fact—at least, a mixed question of law and fact; and, when decided and judgment entered, such judgment can no more be set aside and vacated because erroneous, than any other judgment involving law and fact.

The New Jersey court undoubtedly had jurisdiction of the case. The effect of the order there, transferring the proceedings to the Tennessee court, need not be considered, further than to say that it was before Judge Jones, and was an order of a court of competent jurisdiction, relinquishing jurisdiction to the Tennessee court, when he made the order in Alabama. The order of the New Jersey court set out in the petition presented in Alabama involved, so far as is now material, precisely the question for determination there; that is, whether the Tennessee court was a proper court to which a transfer of the bankruptcy proceedings should be made, and jurisdiction relinquished for the greatest convenience of the parties in interest. The action of the New Jersey court, therefore, was before the Alabama court as a decision of a court of undoubted jurisdiction upon the same question, and, indeed, upon the same subject-matter.

We do not mean, in what has been said, to express any opinion as to whether or not the District Court in Tennessee had jurisdiction of this proceeding in bankruptcy. We rest our decision upon the ground that the District Court in Alabama had jurisdiction to make the order of transfer, and that the correctness of its order transferring the case cannot be brought before this court for review by the method adopted here.

Considerable progress must have been made in the District Court of Tennessee in the administration of this estate in bankruptcy, in view of the time which has elapsed since the proceeding was instituted there, and the cases from the other courts transferred to that court. Two courts have found that it was for the greatest convenience of all the parties in interest that the estate should be administered there. It does not seem that it would be beneficial to any one that the further progress and complete administration of the estate in that court should be interfered with. There should, therefore, not be such interference unless the law absolutely requires it. We find no such legal requirement here.

The petition to revise the action of the District Court is denied.